**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 96-2597

_____

| | | |
|---|---|---|
| Susan Marie Zack, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| City of Minneapolis; Frank Reiter; | * | District of Minnesota. |
| Dennis J. Bible, in their official | * | |
| capacity and individually, | * | **[UNPUBLISHED]** |
| | * | |
| Appellees. | * | |

_____

Submitted:  July 28, 1997
Filed:  August 11, 1997

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Susan Zack, a former employee of the City of Minneapolis (City), brought this employment discrimination action against the City and other named defendants. Zack alleged that, based on a prior gender discrimination suit she had successfully brought against the City, she became the victim of retaliatory and discriminatory conduct on the part of the City and its agents over the ensuing ten year period, culminating in her termination in 1994. Following a four-week trial, the jury found against Zack. The

district court[1] concurred in the result reached by the jury, found in favor of defendants on all non-jury claims, and denied Zack's post-trial motion for a new trial. Zack appeals, and we affirm.

For reversal, Zack argues the district court erred in failing to instruct the jury on the state-law standard of proof for retaliation, and on the City's duty to investigate. We apply a deferential standard when reviewing a district court's jury instructions, reversing only for an abuse of discretion. See Thomlison v. City of Omaha, 63 F.3d 786, 790-91 (8th Cir. 1995). "'In considering the failure of a district court to give a requested instruction, the omission is error only if the requested instruction is correct, not adequately covered by the charge given, and involves a point so important that failure to give the instruction seriously impaired the party's ability to present an effective case.'" Id. at 791 (quoted case omitted). After reviewing Zack's jury-instruction arguments and the instructions given by the district court, we conclude the court did not err in omitting the requested instructions and thus did not abuse its discretion in denying Zack's motion for a new trial. See Keenan v. Computer Assocs. Int'l, Inc., 13 F.3d 1266, 1269 (8th Cir. 1994) (standard of review).

Zack also argues she was entitled to a new trial on her claim that defendants failed to comply with Minnesota law regarding the continuation of insurance coverage following an employee's termination or layoff from employment, because the verdict was against the clear weight of the evidence. When a motion for new trial is based on the argument that the jury verdict was against the weight of the evidence, the district court's denial of the motion is virtually unassailable on appeal, and is reviewed only for a clear abuse of discretion. See Pulla v. Amoco Oil Co., 72 F.3d 648, 656-57 (8th Cir. 1995) (court of appeals will reverse for clear abuse of discretion only where there is

---

[1]The Honorable Ann D. Montgomery, then United States Magistrate Judge for the District of Minnesota, now United States District Judge, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

"'absolute absence of evidence'" to support verdict) (quoted case omitted). Based upon our review of the evidence presented at trial, we find there is evidence to support the jury's verdict that the City complied with its notification duty. <u>See</u> Minn. Stat. Anno. § 62A.17 (West 1996).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.